UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TINA PRETTYMAN-SILVA,

       Plaintiff,

      v.                                                                  Civil No. 09-518-HA

                                                                    OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

HAGGERTY, District Judge:

       Plaintiff Tina Prettyman-Silva seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for an award of benefits.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

2- OPINION AND ORDER

Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

3- OPINION AND ORDER

meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

## DISCUSSION

The court and the parties are familiar with the facts and the lengthy procedural posture of this case and they will not be revisited here.  Plaintiff contends that this court should reverse and remand the Commissioner's decision for an award of benefits due to a number of errors

including: improperly formulating plaintiff's RFC by omitting limitations involving plaintiff's use of a walker, and erroneously concluding that there are jobs plaintiff can perform that exist in significant numbers in the national economy.

Doctor Ogisu performed two comprehensive orthopedic examinations of plaintiff and determined that "the use of her walker would be prudent for safety reasons concerning her recurrent falls."  Tr. 674-75.[1]  Doctor Ogisu also opined that plaintiff should be given the option to sit or stand and should be "allowed to change positions frequently."  The ALJ purportedly accepted Dr. Ogisu's opinion, but failed to account for plaintiff's use of an assistive device in formulating plaintiff's RFC.  The ALJ found plaintiff to have the RFC to:

> [P]erform a modified range of sedentary work as defined in 20 C.F.R. 416.967(a).
> The claimant is limited to slow, deliberate walking on even surfaces.  She must
> have the option to sit or stand while performing her duties.  She is restricted form
> crawling, kneeling, or climbing ladders.  She must avoid heights.  She is restricted
> from any prolonged or repetitive bending below waist level, or overhead work.
> Due to pain and concentration limitations, she is limited to simple work and
> restricted from any skilled or complex work.  She is limited to minimal
> interaction with the public.

Tr. 501.

The ALJ asked a vocational expert (VE) whether there were any jobs plaintiff could perform in light of plaintiff's limitations described in the RFC.  The VE testified that plaintiff could perform work as a wafer breaker or as an eyeglass frame polisher.  Tr. 763.  When questioned whether these jobs would accommodate the use of a walker during the times a worker was on her feet, the VE testified that "these jobs would not be appropriate."  Tr. 765.

When the testimony of a VE forms the basis for an ALJ's determination that a claimant can perform work in the national economy, the hypothetical question must include all of the

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

claimant's functional limitations. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). It was legal error for the ALJ to rely on a hypothetical that did not include limitations based on plaintiff's use of a walker.[2] Defendant contends that the ALJ accounted for plaintiff's use of a walker by noting that she is limited to slow, deliberate walking on even services and that the ALJ's RFC was more limiting than Dr. Ogisu's opinion. This argument is unpersuasive. The use of a walker precludes jobs where plaintiff must use her hands while standing because her hands are occupied with the walker. Whether plaintiff should walk on even surfaces is immaterial.

As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases. While the first two sentences of Section 405(g) establish this court's jurisdiction, the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of awarding attorney's fees . . . even when the case has been remanded for further administrative action. *Id.*

---

[2] The ALJ's failure to include limitations based on plaintiff's difficulties with manipulation also constitutes reversible error.

6- OPINION AND ORDER

(citing *Schaefer*, 509 U.S. at 297-302).

The issues presented here compel a remand under sentence four. The decision whether to remand under sentence four for further proceedings or for immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

"[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. "[I]n cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, 'to give financial assistance to disabled persons because they cannot sustain themselves.'" *Id*. (quoting *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995)).

Under these standards, remand for a finding of disability and an award of benefits is appropriate here. It is clear that the ALJ would be required to find plaintiff disabled if all her limitations were incorporated in her RFC. The record is fully developed, and further proceedings would serve no useful purpose. The record establishes that plaintiff cannot perform any substantial gainful work that exists in the national economy, and the case need not be returned to the ALJ. *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id*. (citations omitted). As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical

7- OPINION AND ORDER

question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [his or] her obligation to develop the record.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Tina Prettyman-Silva's application for SSI must be REVERSED and REMANDED FOR AN AWARD OF BENEFITS.

IT IS SO ORDERED.

DATED this  17  day of June, 2010.

    /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

8- OPINION AND ORDER